UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALENA TROIA, on behalf of herself and all others similarly situated, | Case No. |
| PLAINTIFFS, | **CLASS ACTION COMPLAINT** |
| - AGAINST - | |
| NORTH CENTRAL COLLEGE, | **JURY TRIAL DEMANDED** |
| DEFENDANT. | |

Plaintiff ALENA TROIA ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant North Central College ("North Central," the "College," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend North Central College for an in person, hands-on educational services and experiences for the semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), including, but not limited to, the Spring 2020, Summer 2020, and Fall 2020 semesters, and had their course work moved to online only learning.

2. Such individuals paid all or part of the tuition for each semester that was approximately $19,930 for undergraduate students, and mandatory fees for each semester of approximately $100 including fees for activity fee, room fee, board fee, and dues fees (collectively,

1

the "Mandatory Fees").

3. North Central has not refunded any amount of the tuition or any of the Mandatory Fees, even though it has implemented online only distance learning starting in or around March 13, 2020 and confirmed their first case on March 13, 2020.

4. Because of the College's response to the COVID-19 pandemic, on or about March 13, 2020, the College also stopped providing any of the services or facilities the Mandatory Fees were intended to cover.

5. The College's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 13, 2020 is a breach of the contracts between the College and Plaintiff and the members of the Class and is unjust.

6. In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in person educational experiences, with all the appurtenant benefits offered by a first-rate college or university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff with the College.

7. As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not provided.

8. This failure also constitutes a breach of the contracts entered into by Plaintiff with the College.

9. Plaintiff seeks, for themselves and Class members, the College's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the reduction in benefits contracted for provided by the College during the time in the respective semesters when the College closed and switched to online only learning. The return of such amounts would

compensate Plaintiff and the Class members for damages sustained by way of Defendant's breach.

10. Plaintiff seeks for themselves and Class members protections including injunctive and declaratory relief protecting Class Members from paying the full cost of tuition and fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendants can actually safely provide.

## PARTIES

11. Plaintiff Alena Troia was an undergraduate student during the Winter 2020 and Spring 2020 semesters. For the Spring 2020 semester, North Central charged Plaintiff approximately $20,020.00 in tuition and Mandatory Fees per semester. Additionally, Plaintiff Troia is expected to pay similar tuition and Mandatory Fees for the Fall 2020 semester.

12. Plaintiff Troia is a resident of Illinois.

13. Plaintiff Troia paid tuition and Mandatory Fees for in-person educational services, experiences, opportunities, and other related collegiate services. Plaintiff Troia has not been provided a pro-rated refund of the tuition for her in-person classes that were discontinued and moved online, or the Mandatory Fees she paid after the College's facilities were closed and events were cancelled.

14. Defendant North Central is a private college in Naperville, Illinois that was founded in 1861. The College offers numerous major fields for undergraduate students, as well as a number of graduate programs.

15. Defendant's undergraduate and graduate programs includes students from many, if not all, of the states in the country. Its principal campus is located in Naperville, Illinois. Defendant is a citizen of Illinois.

**JURISDICTION AND VENUE**

16. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which one or more of the other Class members are citizens of a State different from the Defendant.

17. This Court has personal jurisdiction over Defendant because it resides in this District.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

**FACTUAL ALLEGATIONS**.

19. Plaintiff and Class Members paid, or will pay, to attend North Central's Winter, Spring, Summer, Fall 2020, and/or future semesters including tuition and the Mandatory Fees. The Winter 2020 semester started on Jan. 10, 2020 and ended on March 14, 2020. The Spring 2020 semester started on January 6, 2020 and ended on or around May 3, 2020.

20. Tuition at the College was approximately $19,930 per year for undergraduate students, with an additional $100 in Mandatory Fees. Similar charges were assessed for graduate students.

21. Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the semesters.

22. Throughout March 2020, the College made public announcements adjusting educational services and opportunities that affected Plaintiff.

23. The College has not held any in-person classes since March 13, 2020 for undergraduate students. All classes since March 13, 2020 have only been offered in a remote online

format with no in-person instruction or interaction.

24. The College also announced that it was changing the traditional letter grading system (A/B/C/D/F) used for in-person classes, to a more lenient "Pass/No Pass" grading system during the Spring 2020 semester.

25. Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to College health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person commencement.

26. North Central has not provided any reimbursement or refund information regarding tuition or the Mandatory Fees.

27. Students attending North Central did not choose to attend an online only institution of higher learning, but instead chose to enroll in the College's in-person educational programs – with the understanding that North Central would provide in person educational opportunities, services, and experiences.

28. On its website, North Central markets the College's on-campus experience and opportunities as a benefit to students.

29. The College uses its website, promotional materials, circulars, admission papers, and publications to tout the benefit of being on campus and the education students will receive in its facilities.

30. The online learning options being offered to North Central's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was. During the online portion of the Spring, and Summer 2020 semesters, North Central's used programs by which previously recorded lectures were posted

online for students to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among students that is instrumental in educational development and instruction.

31. The online formats being used by North Central do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass/No Pass grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

32. Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

33. Access to facilities such as libraries, laboratories, computer labs, recitations, and study rooms, are integral to a college education.

34. Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

35. North Central priced the tuition and Mandatory Fees based on the in person educational services, opportunities and experiences it was providing on campus.

36. The College has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by Covid-19.

37. The College has not refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

38. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the

tuition and Mandatory Fees they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed, and for the future semesters where in-person classes are cancelled and moved online.

39. Defendant's practice of failing to provide reimbursements for tuition and Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the tuition and Mandatory Fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this case individually and, pursuant to FRCP 23, on behalf of the class defined as:

> All persons who paid, or will pay, tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Winter 2020, Spring 2020, Summer 2020, Fall 2020, or any other semester affected by Covid-19 at North Central but had their class(es) moved to online learning (the "Class").

41. Plaintiff reserves the right to modify or amend the definition of the proposed Classes if necessary before this Court determines whether certification is appropriate.

42. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of FRCP 23.

43. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, upon information and belief, the College had more than 3,500 undergraduate and graduate students enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the College and can be identified through the College's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

44. The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members. These questions predominate over questions that may affect only individual members of the classes because North Central has acted on grounds generally applicable to the classes. Such common legal or factual questions include, but are not limited to:

   a. Whether the College accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by Covid-19;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

   c. Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

   d. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

   e. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

   f. Whether Defendant is unjustly enriched by retaining all of the tuition and Mandatory Fees during the semester when the College has been closed, and

  Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

g. Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it cancelled all in-person classes and only provided a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class; and

h. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

45. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the College stopped providing in mid-March.

46. Plaintiff is a more than adequate class representative. In particular:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

b) because their interests do not conflict with the interests of the other Class members who she seeks to represent

c) They anticipate no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

9

47. Class members' interests will be fairly and adequately protected by Plaintiff and their counsel.

48. It is impracticable to bring members of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the College. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

49. Plaintiff also seeks class certification for injunctive and declaratory relief under FRCP 23(b)(2) and (b)(3), at the appropriate juncture.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

50. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 49 above.

51. Plaintiff brings this claim individually and on behalf of the members of the Class.

52. By paying the College's tuition and its Mandatory Fees for the Spring, and Summer 2020 semesters, the College agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those semesters. As a result, Plaintiff and each member of the Class entered into a binding contract with the College.

53. North Central has held that its in-person educational opportunities, experiences, and services are of substantial value.

54. North Central has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

55. North Central has promoted its in-person educational services as being valuable to students' educational experiences and their develop.

56. In marketing materials and other documents provided to the Named Plaintiff, Defendants promoted the value of the in-person education experiences, opportunities, and services that Defendants provided.

57. Defendants provided Plaintiff with an acceptance letter that the Named Plaintiff accepted based on the promise of in-person educational experiences, opportunities, and services that Defendants would provide.

58. The College has breached its contract with Plaintiff and the Class by failing to

provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by Covid-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

59. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

60. Plaintiff and members of the putative Classes have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

61. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the College's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the portion of time the semesters affected by Covid-19 in which in-person classes were discontinued and facilities were closed by the College.

62. The College should return such portions of the tuition and Mandatory Fees to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

63. Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 49 above.

64. By paying the College's tuition and its Mandatory Fees for the Spring, Summer semesters, the College agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those affected semesters.

65. Defendants have retained the benefits of the amount of tuition and Mandatory Fees that Plaintiff have provided – without providing the benefits that Plaintiff is owed.

66. For example, Defendants failed to provide Plaintiff and Class Members access to any on-campus facility after March 13, 2020. Yet Defendants assessed Plaintiff with tuition and fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

67. Plaintiff was not able to access such facilities or services remotely.

68. Plaintiff paid tuition and Mandatory Fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that North Central has previously marketed, promoted, or made available prior to Covid-19.

69. Defendants have been unjustly enriched by Plaintiffs' payment of tuition and Mandatory Fees.

70. Despite not being able to provide such services, North Central failed to provide reimbursements for tuition and Mandatory Fees despite the reduction in benefit of the education and other experiences that it provided and the reduced benefits associated with the Mandatory Fees.

71. Plaintiff and members of the putative Classes have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

72. Defendants act were unjust for them to keep money for services they did not render.

### THIRD CAUSE OF ACTION
### CONVERSION
### (On Behalf of Plaintiff and the Class)

73. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 49 above.

74. In the alternative to the First Claim For Relief, Plaintiff brings this claim individually and on behalf of the members of the Class.

75. Plaintiff and members of the Class provided the College with property in the form of funds (tuition and Mandatory Fees), to be in exchange for in person on campus services, facilities and face to face instruction.

76. The College exercises control over Plaintiff's and Class members' property.

77. The College intentionally interfered with Plaintiff's and the Class members' property when it unilaterally moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class.

78. Class members demanded the return of their property proportionate to the reduction in benefit for education and services during each semester when in-person and on-campus live education, and access to the College's services and facilities were unavailable.

79. The College's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid, and of their funds paid for those benefits.

80. Plaintiff and the Class members are entitled to the return of the pro-rated amounts of tuition and Mandatory Fees each paid equal to the reduction in benefit for education and services during the each semester when in-person and on-campus live education, and access to the College's services and facilities were unavailable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under the FRCP and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For an order awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(g) For an order awarding pre- and post-judgment interest on any amounts awarded; and,

(h) For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 3, 2020 	Respectfully submitted,

   **CARLSON LYNCH LLP**

*/s/ Kyle A. Shamberg*
Katrina Carroll
*kcarroll@carlsonlynch.com*
Kyle A. Shamberg
*kshamberg@carlsonlynch.com*
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265

Edward Ciolko
Nicholas Colella *(To apply Pro Hac Vice)*
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Email: eciolko@carlsonlynch.com
Email: ncolella@carlsonlynch.com

Jeffrey K. Brown, Esq. *(To apply Pro Hac Vice)*
Michael A. Tompkins, Esq. *(To apply Pro Hac Vice)*
Brett R. Cohen, Esq. *(To apply Pro Hac Vice)*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

Jason P. Sultzer, Esq. *(To apply Pro Hac Vice)*
Jeremy Francis, Esq. *(To apply Pro Hac Vice)*
**THE SULTZER LAW GROUP, P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Counsel for Plaintiff and Proposed Class*