## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ALENA TROIA, on behalf of herself and other individuals similarly situated | |
| Plaintiffs, | No. 20-cv-05229 |
| v. | Judge John F. Kness |
| NORTH CENTRAL COLLEGE, | |
| Defendant. | |

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

**WHEREAS**, Plaintiff Alena Troia ("Plaintiff"), individually and as representative of the Class defined below, and Defendant North Central College ("North Central") (with Plaintiff, the "Parties") have entered into a Settlement, which terms are memorialized in the Settlement Agreement and Release ("Agreement") that, if approved, would resolve this Action;

**WHEREAS**, Plaintiff filed a Motion for Preliminary Approval of the Settlement, which North Central does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Agreement, and all exhibits thereto, including the proposed Notice, and finds there is a sufficient basis for granting preliminary approval of the Settlement, directing dissemination of the Notice, and setting a Final Approval Hearing.

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that:

1.      This Order incorporates, as if fully set forth herein, the definitions contained in the

Agreement entered by the Parties.

2.      The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3.      This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class, as set forth below. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the Action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by North Central or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5.      For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> All enrolled undergraduate students during the Spring 2020 semester who registered for at least one in-person class at North Central College and who paid tuition or fees, or on whose behalf tuition or fees were paid.

Excluded from the Settlement Class are (1) any District Judge or Magistrate Judge presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a

controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

6. For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7. For purposes of the proposed Settlement only, the Court preliminarily appoints Plaintiff as the Class Representative.

8. For purposes of the proposed Settlement only, the Court preliminarily appoints Jae K. Kim and Tiffine Malamphy of Lynch Carpenter, LLP, Jason Sultzer of Sultzer & Lipari, PLLC, and Michael A. Tompkins of Leeds Brown Law, P.C., as Class Counsel to act on behalf of the Settlement Class and Class Representative with respect to the Settlement.

9. The Court appoints Apex Class Action LLC as the Settlement Claims Administrator to distribute the Notice and Qualified Settlement Fund, under the supervision of Class Counsel.

10. Having reviewed the proposed Notice and Election Form, the Court approves the Notice and Election Form as to their form and content.

11. Within ten (10) days of this Order, North Central shall provide the Class List to the

Settlement Claims Administrator.

12.     Within fourteen (14) days of receiving the Class List, the Settlement Claims Administrator shall (1) email a copy of the Short Form Notice to all Class Members for whom the Settlement Claims Administrator has a valid email address, then (2) shall wait seven (7) days for emails to be unopened or returned, and then (3) mail a copy of the Short Form Notice and Election Form to all Class Members for whom the Settlement Claims Administrator does not have a valid email address or an unopened email through regular U.S. Mail to such Class Member's last known mailing address as listed in North Central's records (or as otherwise updated).

13.     On the same date as initial e-mailing of Notice to Class Members, the Settlement Claims Administrator shall establish the Settlement Website.

14.     The Court finds and determines that the Notice, the Notice distribution procedures, and Settlement Website constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notice to all persons entitled to receive such Notice, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

15.     Any Class Members who desire to request exclusion from the Settlement Class must mail, via First Class United States Mail, postage prepaid, an Opt-out Statement to the Settlement Claims Administrator. In order to be valid, the Opt-out Statement must include the name, address, and telephone number of the Class Member, and a statement indicating his or her intention to opt-out. To be effective, an Opt-out Statement must be postmarked by United States Postal Service or via verification through the settlement website on or before the Notice Response Deadline. The Notice Response Deadline is: (i) thirty (30) days from the date of the initial mailing and/or e-mailing of the Short Form Notice, or (ii) an additional fifteen (15) days later for any Class

Members who were unable to file a timely Election Form, due to factors such as change of address, military service.

16.     All persons who submit valid and timely Opt-out Statements shall have no rights under the Settlement, shall not share in the distribution of the Qualified Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

17.     Any Class Members who desire to object to the Settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must be mailed to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by the United States Postal Service on or before the Notice Response Deadline. The statement must include: (1) the Objector's name, address and telephone number; (2) an explanation of the basis upon which the Objector claims to be a Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the Objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (5) a statement indicating whether the Objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (6) copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based; (7) a detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (8) the Objector's signature, in addition to the signature of the objector's attorney (if any)—an attorney's signature alone shall not be deemed sufficient to satisfy this requirement.

18.     Plaintiff's Motion for Final Approval shall be filed no later than thirty (30) days after the Notice Response Deadline.

19.     Upon the Final Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, including Plaintiff's individual claims against the Released Parties.

20.     Upon payment of all Costs and Fees as approved by the Court, Class Counsel, on behalf of the Class Members, irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against the Released Parties for attorneys' fees, expenses, disbursements and all other costs and fees associated with Class Counsel's representation of the Class.

21.     The Final Approval Hearing will be held on May 21, 2025, at 1:30 P.M. before this Court.

SO ORDERED in No. 20-cv-05229

Date: February 14, 2025                      _____

                                             JOHN F. KNESS
                                             United States District Judge

6