IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA TROIA, on behalf of herself and other individuals similarly situated<br><br>  Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL COLLEGE,<br><br>  Defendant. | No. 20-cv-05229<br><br>Judge John F. Kness |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS, AND ENTERING FINAL ORDER AND JUDGMENT**

Plaintiff Alena Troia, on behalf of herself and the Settlement Class, and Defendant the North Central College (the "College") entered into a Class Action Settlement Agreement ("Settlement Agreement") on or about February 6, 2025 to resolve the litigation in *Troia v. North Central College*, No. 1:20-cv-05229 (N.D. Ill.) (the "Action").[1] The Court granted preliminary approval of the Settlement and provisionally approved certification of a class for settlement on February 14, 2025. *See* Order Granting Preliminary Approval of Class Action Settlement (Dkt. 85) ("Preliminary Approval Order").

On May 21, 2025, the Court held a Fairness Hearing on (1) Plaintiff's Motion for Final Approval of Class Action Settlement and (2) Plaintiff's Motion for Approval

---

[1] Unless defined differently herein, this Final Order and Judgment incorporates the definitions as used by the Parties in the Settlement Agreement. See Dkt. 81-1.

of Attorneys' Fees and Costs and Service Awards. Through the briefs, exhibits and argument at the Fairness Hearing, the Court has thoroughly examined and considered the Settlement and Settlement Agreement and the requests for Attorneys' Fees and Costs and Service Awards.

Having reviewed the motions and all related pleadings and filings and having also heard the evidence and argument presented at the Fairness Hearing, which are incorporated herein by reference, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

## FINAL ORDER AND JUDGMENT

### Certification Of The Settlement Class

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Order and Judgment, the "Settlement Class"):

> All enrolled undergraduate students during the Spring 2020 semester who registered for at least one in-person class at North Central College and who paid tuition or fees, or on whose behalf tuition or fees were paid.

Specifically excluded are the following Persons:

(i) any District Judge or Magistrate Judge presiding over this Action and members of their families;

(ii) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees;

(iii) persons who properly execute and file a timely request for exclusion from the class;

(iv) the legal representatives, successors or assigns of any such excluded persons.

2

2. For the reasons stated in its Preliminary Approval Order and as summarized below, the Court finds that the Settlement Class meets the requirements of Rule 23 for certification for settlement purposes only:

    a. Rule 23(a)(1) Numerosity: The Settlement Class is too numerous to practicably join all members because it includes thousands of students who have not already settled and/or released their claims.

    b. Rule 23(a)(2) Commonality: "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that the claims arising from that injury depend on a "common contention . . . of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, U.S., 564 U.S. 338, 359 (2011). Here, Settlement Class Members allegedly paid tuition and fees for in-person instruction for the Spring 2020 semester and received remote instruction during the Spring 2020 semester, and, thus, suffered the same alleged injury. Central questions of fact and law common to all Settlement Class Members include whether the College promised to provide in-person instruction during the Spring 2020 semester.

    c. Rule 23(a)(3) Typicality: Plaintiff's claims are typical of the members of the Settlement Class because she challenges the same conduct -- the College's provision of remote instruction instead of in-person instruction beginning in the Spring 2020 semester -- and make the same legal arguments.

  d. Rule 23(a)(4) Adequacy: Both Plaintiff and Class Counsel have adequately represented the Settlement Class throughout the Action and for the purposes of entering into and implementing the Settlement.

  e. Rule 23(b)(3) Predominance: Under Rule 23(b)(3), a class action may be maintained if the court finds that "questions of law or fact common to the class members predominate over any questions affecting individual members." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 376 (7th Cir. 2015). This requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Barnes v. Air Line Pilots Ass'n, Int'l*, 310 F.R.D. 551, 560 (N.D. Ill. 2015). Here, all Settlement Class Members share a common alleged legal grievance arising from the College's provision of remote education beginning in the Spring 2020 semester, when Settlement Class Members had allegedly agreed to pay tuition and fees for in-person instruction. Common legal and factual questions — including whether the College promised to provide in-person instruction during the Spring 2020 semester — are central to all Settlement Class Members' claims and predominate over any individual questions that may exist.

  f. Rule 23(b)(3) Superiority: A class action is superior to many individual actions. Members of the proposed Settlement Class received educational instruction during the Spring 2020 semester and may not

4

have suffered sufficient damages to justify the costs of litigation. The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through a Cash Award.

3. The Court hereby appoints Plaintiff as the representative of the Settlement Class. The Court hereby appoints Lynch Carpenter LLP, Leeds Brown Law, P.C., and Sultzer & Lipari, PLLC as Class Counsel for the Settlement Class.

### Notice

4. The Court affirms the appointment of Apex Class Action ("Apex") as Claims Administrator.

5. In accordance with the Settlement Agreement and Preliminary Approval Order, the Claims Administrator launched the Settlement Website on northcentraltuitionfeesettlement.com. *See* Declaration of Ryan McNamee of Apex Class Action, LLC, In Support of Motion for Final Approval of Class Action Settlement ("Admin Decl.") at ¶ 3.

6. Following Preliminary Approval, the College provided Apex with the names, last known addresses and last known email addresses for the 2,443 Settlement Class Members other than such information necessary to complete the notice process. *See* Admin Decl. at ¶ 5.

7. Pursuant to the terms of the Settlement Agreement and the Court's Preliminary Approval Order, Apex mailed or e-mailed the Court-approved Notice to all 2,443 Settlement Class Members within thirty (30) days of receiving the Class List. After 1 Notices were returned to as undeliverable, Apex successfully re-mailed that

5

undeliverable Notices for which it could identify a new address for through skip tracing.

8. Direct notice was therefore sent to 100% of Settlement Class Members.

9. No Settlement Class Member has filed an objection to the Class Notice Program.

10. The Class Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

11. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

## Final Approval Of Settlement

12. At the Fairness Hearing held on May 21, 2025, the Court fulfilled its duties to independently evaluate the fairness, reasonableness and adequacy of, *inter alia*, the Settlement and the notice provided to Settlement Class Members, considering the pleadings and argument of the parties and their counsel and the interests of all absent members of the Settlement Class. After thoroughly considering the briefing and arguments of the parties and considering the factors required by

6

Rule 23 and the Seventh Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and the Court grants final approval to the Settlement.

13. Specifically, the Court determines that (a) Plaintiff and Class Counsel have adequately protected the Settlement Class, (b) the Settlement was negotiated at arm's length, (c) the relief to the Settlement Class is adequate, taking into account: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure, and (d) the Settlement treats Settlement Class Members equitably relative to each other because, all members of the proposed Settlement Class are eligible to receive an equal Cash Award. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class action mediator Judge Morton Denlow (Ret.), and is non-collusive.

14. The Parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement or otherwise submitted to the Court.

15. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class.

**Implementation Of Settlement For Settlement Class Members**

16. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

17. No amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund shall revert back to the College for its own use. Any Uncashed and Unclaimed Funds, if any, shall be distributed to North Central's Persistence Fund, which helps students who face financial hardships that can put them at risk of leaving college before completing their degree. The Court further determines that the selection of this fund to receive any unclaimed funds, with its mission closely aligned to helping students manage unexpected costs during their academic career, will ensure that the distribution of amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund will be for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of Settlement Class Members, and the interests of those similarly situated.

**Attorneys' Fees And Expenses And Service Awards**

18. The Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Class Counsel requested $215,451.00 in fees. Having reviewed the motion for fees and supporting documentation the Court finds the fee request supported and reasonable.

19. Class Counsel also seek reimbursement of $14,241.39 in out-of-pocket expenses advanced for the Settlement Class. Counsel submitted documentation supporting the requested costs, which showed they were appropriate expenditures on

behalf of the Settlement Class and are of the type that are recoverable. The Court approves the request for reimbursement of $14,241.39 in advanced costs.

20. Class Counsel also request a $5,000.00 Service Award for Plaintiff. When courts evaluate such awards, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving $25,000 award). Here, Plaintiff initiated litigation and negotiated an arm's-length Settlement that benefits thousands of Settlement Class Members who otherwise would not or may not receive any relief. The Court concludes that the requested Service Awards are appropriate for each Plaintiff.

21. For the reasons stated above, the Court approves Class Counsel's requests for Attorneys' Fees and Costs and for Service Awards, which shall be paid to Class Counsel out of the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

## Exclusions From The Settlement Class

22. The Claims Administrator and the Parties have not received any requests for exclusion.

## Releases

23. The Court adjudges that in consideration of the Settlement and as set forth in the Settlement Agreement, the Releasing Settlement Class Parties have conclusively and forever compromised, settled, dismissed and released any and all Released Claims against the College and the Released Parties.

24. The Releasing Parties and the Released Parties have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertainingto their released claims.

**Settlement Agreement As Exclusive Remedy For Released Claims**

25. This Settlement Agreement and the Final Order and Judgment shall be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Releasing Settlement Class Parties. As of the Effective Date, enforcement of the Settlement Agreement shall be the exclusive remedy for Plaintiff and all Settlement Class Members who have not been excluded from the Settlement Class, all of whom are bound by all proceedings, orders and judgments in the Action and are permanently barred and enjoined from instituting, asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims against the College or any of the Released Parties. Members of the Settlement Class who have not been excluded from the Settlement Class and who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

26. This Final Order and Judgment bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative regulatory,

arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims arising on or before the Preliminary Approval Date and (b) organizing Settlement Class Members, regardless of whether or not they have been excluded from the Settlement Class, into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims, except that Settlement Class Members are not precluded from assisting a state, provincial or federal agency in any investigation or suit initiated by any such agency.

**Effect Of This Final Order And Judgment**

27. If for any reason this judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, which shall not include any modification to an award of Attorneys' Fees and Costs or to the Service Awards, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

**No Admission Of Liability**

28. The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the College or any Released Parties or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Settlement Agreement and the Final Order and Judgment.

29. The Court dismisses the Action now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein. The Court orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Action by Plaintiff, on behalf of herself, the Settlement Class, or both. In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

30. The Court has and retains personal jurisdiction over Plaintiff and all Settlement Class Members and has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto. Without affecting the

finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over the College, Plaintiff, Class Counsel and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement Agreement and Final Order and Judgment and for any other necessary purposes.

31. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Parties or Settlement Class Members.

32. Under Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

SO ORDERED in No. 20-cv-05229.

Date: May 21, 2025

_____
JOHN F. KNESS
United States District Judge